NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALI CHALES, | No. 19-71008 |
| Petitioner, | Agency No. A215-617-325 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review From an Order of the
Board of Immigration Appeals

Submitted October 6, 2020**
Seattle, Washington

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,*** District Judge.

Ali Chales, a native and citizen of Cameroon, petitions for review of an order

of the Board of Immigration Appeals ("BIA") in which the BIA affirmed the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Immigration Judge ("IJ") and denied Chales' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on an adverse credibility determination. This court has jurisdiction pursuant to 8 U.S.C. § 1252. We review an Immigration Judge's credibility determinations under the substantial evidence standard. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Where the BIA adopts the decision of the IJ and adds no reasoning of its own, "we treat the incorporated parts as the BIA's." *Aguilar–Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010). "[W]e do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

Petitioner fled Cameroon after military or police officers allegedly detained and beat him because of his affiliation with the Southern Cameroons National Council ("SCNC"), a political group opposed to the governing party. Petitioner claims that because of his activities in connection with the SCNC, he was thrice arrested, detained, and beaten by police or military officers. After his second arrest, Chales asserts police beat him until he lost consciousness; he was found and rescued, and he received monthlong treatment for his injuries.

Substantial evidence supports the IJ's adverse credibility finding. Petitioner's testimony about who rescued him from the bush, how long the Cameroonian police detained him, how frequently the police beat him during detention, and where he

2

was arrested for the second time were plainly inconsistent with statements Chales made during his asylum officer interview. For example, when asked to explain inconsistencies about the identity of his rescuer, Chales stated that "when he regained consciousness in the woman's house, he saw her husband and thought that he had rescued him." The IJ discounted this explanation, not only because an affidavit on the record contradicted the explanation, but also because Chales never mentioned a woman rescuer to the asylum officer, nor did he mention the woman's husband during in-court testimony. When asked to explain inconsistencies about the length of his detention, the frequency with which he was beaten in detention, and the town of his second arrest, Chales stated that he did not make or did not remember making the inconsistent statements. The IJ found these explanations unreasonable because Chales never alleged any interpretation issues and his responses failed to reconcile the inconsistent statements. Because the IJ specifically and cogently identified reasons for finding Chales' testimony not credible and drew on record evidence to support that reasoning, substantial evidence supports the IJ's determination.

Further, substantial evidence supports the BIA's conclusion that country conditions evidence did not independently corroborate Chales' non-credible

testimony.[1] "Evidence of background country conditions alone cannot establish that specific acts of persecution did or did not occur." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006). Because country conditions evidence cannot corroborate Chales' account of government persecution targeting him specifically, the BIA did not err by determining that country conditions evidence has little corroborative weight.

Finally, substantial evidence also supports the BIA's finding that Petitioner failed to establish "it is more likely than not he [ ] would be tortured if removed" to Cameroon. 8 C.F.R. § 1208.16(c)(2). "[W]hen a petitioner's 'claims under the [CAT] are based on the same statements . . . that the BIA determined to be not credible' in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (alterations in original) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003)). Because Petitioner's CAT claim is based on the same testimony and corroborative evidence about his arrests, detainments, and

---

[1] The corroborative weight of the affidavits submitted by Chales' family members, friends, and nurse is not properly before this Court. "[E]xhaustion of administrative remedies is a prerequisite to our jurisdiction." *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Chales "d[id] not meaningfully challenge the Immigration Judge's finding that the affidavits submitted by members of [his] family and community in support of his claim should be accorded little evidentiary weight" before the BIA. Thus, the claim is unexhausted and therefore falls outside our jurisdiction. *See Barron*, 358 F.3d at 677.

injuries in Cameroon as Petitioner's asylum claim, substantial evidence supports the denial of protection under CAT.

**PETITION DENIED.**